IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEAN ANTHONY SUTTINGTON,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF KANSAS, et al.,<br><br>                    Defendants. | Case No. 26-CV-2030-JWB-TJJ |

### ORDER CLARIFYING PLAINTIFF AND
### STRIKING UNSIGNED MOTION

Plaintiff Sean Anthony Suttington, proceeding *pro se*, filed a Complaint on January 20, 2026. The Complaint lists as additional plaintiffs an individual named Yohanan Anton and the organization Midland Disaster Relief Entity. However, only Mr. Suttington signed the Complaint.

It is well-settled that an individual, who is not an attorney admitted to practice law, is not authorized to represent another person or entity.[1] Therefore, Plaintiff Suttington may not prosecute this action on behalf of anyone other than himself. If Mr. Anton or Midland Disaster Relief Entity[2]

---

[1] *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654). *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

[2] Business entities and organizations cannot appear in federal court *pro se* and must be represented by an attorney licensed to appear before this Court. *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

seek to join as plaintiffs, each of them or their counsel must personally sign the Complaint.[3] Plaintiff is the only purported plaintiff to have signed the Complaint submitted for filing. Accordingly, as a *pro se* litigant, Mr. Suttington, is the only proper plaintiff. The Court therefore directs the Clerk to remove Yohanan Anton and Midland Disaster Relief Entity from the docket as plaintiffs.

Mr. Anton has also filed a document titled a "Motion to Amend" (ECF No. 5), which purports to correct the spelling of his name and add allegations about the case to the Complaint. Mr. Anton's motion does not comply with the Federal Rules of Civil Procedure or this Court's Local Rules. First, Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Rule 11(a) requires the Court "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Mr. Anton's motion is not signed by him or contain the information required by Rule 11(a) and therefore must be stricken. He cannot correct the omission by refiling it because he is not a party in the case.[4] Nor does the motion comply with the requirements of D. Kan. Rule 15.1(a) for motions to amend. As required by Rule 11(a), the Court strikes Mr. Anton's Motion to Amend (ECF No. 5) and no further pleadings will be accepted from him until such time as he is a proper plaintiff.

---

[3] Plaintiff Suttington has also filed a motion to proceed without payment of fees (*in forma pauperis*) (ECF No. 3). If one plaintiff files a motion to proceed *in forma pauperis*, then every other named plaintiff must also file a motion with a financial affidavit and qualify for plaintiffs to proceed *in forma pauperis*. *See Rush v. United States*, No. 14-CV-00077-LTB, 2014 WL 1630223, at *3 (D. Colo. Apr. 23, 2014) ("Plaintiffs are reminded that each plaintiff in a civil suit is required to submit a separate application seeking leave to proceed *in forma pauperis*.").

[4] *See* Fed. R. Civ. P. 15(a) (permitting a *party* to amend *its* pleadings). Mr. Anton is not currently a party and cannot move to amend the Complaint signed by Plaintiff Suttington.

**IT IS THEREFORE ORDERED** that the unsigned Motion to Amend (ECF No. 5) filed by Mr. Anton be stricken from the record.

**IT IS FURTHER ORDERED** that the Clerk remove Yohanan Anton and Midland Disaster Relief Entity from the docket as plaintiffs.

IT IS SO ORDERED.

A copy of this Order shall be mailed to Plaintiff Suttington.

Dated January 29, 2026, in Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge